# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SILEVO, LLC AND SOLARCITY CORP., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | **Court No. 16-00126** |

# COMPLAINT

Plaintiff, Silevo, LLC (formerly Silevo, Inc.) and its parent company SolarCity Corporation (collectively, "SolarCity"), by and through the undersigned counsel, alleges and states as follows:

## ADMINISTRATIVE DECISION TO BE REVIEWED

1. SolarCity brings this Complaint to contest the final scope ruling issued by the United States Department of Commerce ("Commerce") concerning the antidumping and countervailing duty orders on crystalline silicon photovoltaic ("CSPV") cells, whether or not assembled into modules, from the People's Republic of China. See Memorandum from Mark Hoadley, Program Manager, AD/CVD Operations, Office VII, to Christian Marsh, Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations re: Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Ruling in the Triex Photovoltaic Cell Scope Inquiry (June 17, 2016) ("Final Scope Ruling").

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) and Section 516A(a)(2)(A)(ii) and (B)(vi) of the Tariff Act of 1930, as amended ("Tariff Act"), codified at 19 U.S.C. §§ 1516a(a)(2)(A)(ii) and (B)(vi).

## STANDING OF PLAINTIFF

3. SolarCity is an importer of the Triex™ product, the merchandise that was the subject of the Final Scope Ruling. SolarCity requested a scope ruling by Commerce to determine whether the Triex products are outside the scope of the antidumping and countervailing duty orders on crystalline silicon photovoltaic cells, whether or not assembled into modules, from the People's Republic of China. See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order, A-570-979, 77 Fed. Reg. 73,018 (ITA, Dec.7, 2012); Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Countervailing Duty Order, C-570-980, 77 Fed. Reg.73, 017 (ITA, Dec. 7, 2012) (the "Orders"). Accordingly, SolarCity is an interested party as described in Section 771(9)(A) of the Tariff Act of 1930, as amended, 19 U.S.C. §1677(9)(A), and has standing to bring this action under 19 U.S.C. §1516a(d) and 28 U.S.C. §2631(c).

## TIMELINESS OF THIS ACTION

4. The contested administrative determination was issued by Commerce on June 17, 2016. On June 17, 2016, Commerce posted the Final Scope Ruling to SolarCity on Commerce's International Trade Administration's ACCESS portal. On July 15, 2016,

SolarCity filed a Summons with this Court commencing this action within 30 days of the date of the issuance and posting of the <u>Final Scope Ruling</u>. SolarCity is filing this Complaint within 30 days of the filing of the Summons. Accordingly, both the Summons and the Complaint have been timely filed in accordance with the Rules 3(a)(2) and 6(a) of this Court and Section 516A(a)(2)(A)(ii) of the Tariff Act, 19 U.S.C. § 1516a(a)(2)(A)(ii).

## BACKGROUND

5. On December 7, 2012, Commerce issued the Orders on crystalline silicon photovoltaic cells, whether or not assembled into modules, from the People's Republic of China. <u>See</u> Orders.

6. The scope of the Orders identifies, in relevant part, the subject merchandise as:

> crystalline silicon photovoltaic cells of thickness equal to or greater than 20 micrometers, having a p/n junction formed by any means, whether or not the cell has undergone other processing, including, but not limited to, cleaning, etching coating, and/or addition of materials (including, but not limited to, metallization and conductor patters) to collect and forward the electricity that is generated by the cell.

77 Fed. Reg. at 73,017; 77 Fed. Reg. at 73,019.

7. The Orders also expressly exclude from the scope, as relevant to this matter, merchandise described as follows:

> thin film photovoltaic products produced from amorphous silicon (a-Si), cadmium telluride (CdTe), or copper indium gallium selenide (CIGS).

77 Fed. Reg. at 73,017; 77 Fed. Reg. at 73,019.

8. On August 31, 2015, SolarCity requested a ruling by Commerce that its proprietary Triex photovoltaic cells and modules are outside of the scope of the Orders and are specifically excluded from the scope of the Orders, based on the plain language

3

of the scope of the Orders, the plain language of the exclusion in the Orders, Commerce's Diversified Products criteria, and the information provided by SolarCity to Commerce in the scope ruling request. See Letter to Secretary Penny Pritzker from SolarCity, Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China (A-570-979 and C-570-980): Scope Ruling Request (Aug. 31, 2015) ("SolarCity's Scope Ruling Request").

9. On October 8, 2015, petitioner, SolarWorld Americas, Inc. ("SolarWorld") submitted comments in opposition to the scope ruling request filed by SolarCity.

10. On November 18, 2015, Commerce initiated a formal scope inquiry pursuant to 19 C.F.R. § 351.225(e).

11. Throughout the course of the scope proceeding SolarCity submitted substantial evidence and legal arguments in support of its position that Triex products are outside the scope of the Orders, including evidence that the Triex product (a) is not a crystalline silicon photovoltaic cell as required by the plain scope language of the Orders; (b) is a hybrid photovoltaic cell that is not encompassed by the plain scope language of the Orders (c) is outside the scope of the Orders when a 19 C.F.R. §351.225(k)(1) analysis is undertaken because it does not have a p/n junction as required by the plain scope language of the Orders; (d) as recognized by the industry, and illustrated through seven experts in the field of the solar cells, does not have a p/n junction required by the plain scope language of the Orders; and (e) is an excluded thin-film product as set forth by the plain scope language of the Orders.

12. Both SolarCity and SolarWorld agreed that the plain language of the scope of the Orders was clear, that a 19 C.F.R. §351.225(k)(2) analysis was unnecessary, and that the plain language of the Orders and the 19 C.F.R. §351.225(k)(1) criteria were dispositive.

13. On June 17, 2016, Commerce issued the Final Scope Ruling.

14. Even though this Court has previously held that "[w]hen determining the scope of an antidumping and/or countervailing duty order, Commerce applies a three-step approach established by the appellate court in Duferco . . ." wherein "[t]he first step of this approach is to determine if the governing language is ambiguous," Meridian Products, LLC v. United States, 77 F. Supp. 3d 1307, 1314 (Ct. Int'l Trade 2015), here, Commerce determined that the language of the Orders was ambiguous without first reviewing the plain scope language of the Orders because it found that the investigation record did not specifically distinguish between a p/n junction (the language in the Orders) and p/i/n junction (the junction contained in Triex products). See Final Scope Ruling at 9-10. Consequently, Commerce determined that that a 19 C.F.R. §351.225(k)(2) analysis was necessary. See Final Scope Ruling at 10.

15. In conducting its 19 C.F.R §351.225(k)(2) analysis, Commerce rejected the plain language of the Orders, and the common meaning of the term "p/n junction" as supported by experts in the industry. Instead, Commerce, in contravention of the plain language of the Orders, and the substantial evidence presented by SolarCity to the contrary, simply equated the requisite "p/n junction" to include *any* junction that includes a positive region and a negative region, a definition not found in the plain language of the Orders.

16. Commerce recognized that the Triex product has a "p/i/n junction." The plain language of the Orders require that a crystalline silicon photovoltaic cell contain a "p/n junction," not a "p/i/n junction."

17. Commerce undisputedly determined that the Triex product was a hybrid product. The plain language of the Orders requires that the product be a CSPV cell (the subject merchandise). The fact that Commerce found the Triex product to be a hybrid product is conclusive evidence that the Triex product is not a subject CSPV cell.

STATEMENT OF THE CLAIMS

COUNT ONE

18. Paragraphs 1 through 17 are adopted and incorporated, herein, by reference.

19. Commerce's decision to include the Triex product in the scope of the Orders is unsupported by substantial record evidence and is otherwise not in accordance with the law. While Commerce "enjoys substantial freedom to interpret and clarify its antidumping duty orders. . . . *it may not change them*." See Smith Corona Corp. v. United States, *915 F.2d 683*, 686 (Fed. Cir. 1990) (emphasis added); see also Eckstrom Indus., Inc. v. United States, 254 F.3d 1068, 1072 (Fed. Cir. 2001) ("Commerce cannot 'interpret' an antidumping order so as to change the scope of that order, nor can Commerce interpret an order in a manner contrary to its terms."); Tak Fat Trading Co. v. United States, 396 F.3d 1378, 1383 (Fed. Cir. 2005) ("[t]he scope of the order can be clarified but it cannot be changed by the interpretive process"). Moreover, "scope orders may be interpreted as including subject merchandise *only if* they contain language that *specifically* includes the subject merchandise or may be reasonably interpreted to include

6

it." Duferco Steel, Inc. v. United States, 296 F.3d 1087, 1089 (Fed. Cir. 2002) (emphasis added).

## COUNT TWO

20. Paragraphs 1 through 17 are adopted and incorporated, herein, by reference.

21. Commerce's decision that the Triex product is not a thin film cell or otherwise excluded from the scope of the Orders because the Triex product contains both crystalline silicon and thin-film is unsupported by substantial record evidence and is otherwise not in accordance with the law. The substantial record evidence shows that the Triex product is a hybrid product and were considered and expressly excluded from the scope of the Orders by the petitioner.

## PRAYER FOR RELIEF

WHEREFORE, SolarCity respectfully requests that this Court:

(a) hold that Commerce's Final Scope Ruling was unsupported by substantial evidence and otherwise not in accordance with the law;

(b) remand the Final Scope Ruling to Commerce with instructions that it issue a determination consistent with such holding; and

(c) provide such other relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ Kenneth Weigel
Kenneth Weigel
Alston & Bird LLP
950 F Street, NW
Washington, DC 20004

E-mail: Ken.Weigel@alston.com  
Telephone: 202-239-3431  
Facsimile: 202-654-4831

Dated: August 12, 2016