IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SILEVO, LLC AND SOLARCITY CORP., <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant, <br><br> And <br><br> SOLARWORLD AMERICAS, INC., <br><br> Defendant-Intervenor. | Ct. No. 16-00126 <br><br> Before: Hon. Jane A. Restani, Sr. Judge |
| SUNPREME INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> SOLARWORLD AMERICAS, INC., <br><br> Defendant-Intervenor. | Ct. No. 16-00171 <br><br> Before: Hon. Claire R. Kelly, Judge |

**DEFENDANT-INTERVENOR SOLARWORLD AMERICAS, INC.'S OPPOSITION TO SUNPREME INC.'S MOTION TO CONSOLIDATE**

Defendant-Intervenor SolarWorld Americas, Inc. ("SolarWorld"), by its attorneys, hereby responds to the October 27, 2016 motion filed by Sunpreme Inc. ("Sunpreme"), the plaintiff in CIT Ct. No. 16-00171, requesting that this court consolidate that action with *Silevo, LLC et al v. United States*, Ct. No. 16-00126, a separate plaintiff's challenge to a separate administrative

14046604.1

determination. *See generally* Motion to Consolidate, CIT Ct. Nos 16-00126 (ECF No. 30) and 16-00171 (ECF No. 66) (Oct. 27, 2016) ("Sunpreme's Motion").

In its motion, Sunpreme notes that, in making a determination regarding Sunpreme's product, the U.S. Department of Commerce ("DOC") placed on the record the determination underlying CIT Ct. No. 16-00126, requested the parties' comments thereon, and referenced in the determination underlying *Silevo* in making a final scope ruling regarding Sunpreme's product. *Id.* at 1-2. Sunpreme therefore argues while the two appeals involve separate scope rulings, records, and plaintiffs, they nonetheless "involve a common question of law or fact," per USCIT Rule 42(a). *Id.* at 2-3. As such, Sunpreme argues that consolidation of the two actions will promote judicial efficiency by avoiding duplicative briefing and ensuring consistency in the court's decisions in the appeals. *See id.* at 3.

Sunpreme's motion to consolidate, however, is not well-grounded. Rather than promoting efficient use of judicial and party resources, consolidation of the two cases would significantly complicate their litigation and resolution, resulting in an "unwieldy and chaotic" proceeding. *See* Defendant's Opposition to Sunpreme's Motion to Consolidate, CIT Ct. Nos. 16-00126 (ECF No. 31) and 16-00171(ECF No. 69) (Nov. 10, 2016) at 2-3 ("Def.'s Opp'n"), quoting *John S. Conner, Inc. v. United States*, 69 Cust. Ct. 305, C.R.D. 72–18 (1972). As the U.S. Department of Justice has noted in its own opposition, the products involved in both cases are separate, the administrative records in both cases are separate and distinct, and the separate determinations were made on the basis of those distinct products and records. The plaintiff in CIT Ct. No. 16-00126 did not participate in the proceeding underlying Sunpreme's own appeal. Nor is it at all clear that the efficient administration of Silevo's action would be advanced in any way by consolidation with a case in which Silevo did not participate, with respect to a product it does not

import. *See id.* at 4. Indeed, the plaintiff in CIT Ct. No. 16-00126 indicated, in the joint status report in that case, that its appeal is, and should remain, separate from Sunpreme's. *Id.* at 4, quoting *Silevo, LLC et al v. United States*, Ct. No. 16-00126, Joint Status Report (ECF No. 28) (Oct. 17, 2016) at 2.

Given Sunpreme's apparent goal of ensuring maximum efficiency for the courts and parties, it is not only unclear why it has moved for consolidation, but why it has not moved to stay its own appeal while Silevo's is litigated. After all, Sunpreme has described aspects of the Silevo scope ruling as relevant to DOC's determination regarding Sunpreme's product. Presumably then, the court's review of the Silevo ruling may moot aspects of Sunpreme's own appeal, or otherwise clarify arguments and strategies for the parties involved, including Sunpreme. Consolidation, by contrast, would not promote efficient use of anyone's resources, but instead place all the parties and the court into a novel, complicated litigation involving two separate administrative records and products. Accordingly, SolarWorld respectfully submits that consolidation is unwarranted, and that Sunpreme's motion should accordingly be denied.

Respectfully submitted,

Timothy C. Brightbill, Esq.
Maureen E. Thorson, Esq.

**WILEY REIN LLP**
1776 K Street NW
Washington, DC 20006
202-719-7000

*Counsel to SolarWorld Americas, Inc.*

November 15, 2016